1  CHARLES N. SHEPHARD (SBN 78129)
   CShephard@ggfirm.com
2  VERA SEROVA (SBN 329829)
   VSerova@ggfirm.com
3  GREENBERG GLUSKER FIELDS
     CLAMAN & MACHTINGER LLP
4  2049 Century Park East, Suite 2600
   Los Angeles, California 90067
5  Telephone: 310-553-3610
   Facsimile: 310-553-0687
6
7  Attorneys for Defendant EVRY JEWELS, INC.,
   a Canada Business Corporation
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CHROME HEARTS, LLC, a Delaware Limited Liability Company, | Case No. 2:24-04357-MEMF-BFM |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT EVRY JEWELS, INC.'S ANSWER TO COMPLAINT** |
| EVRY JEWELS, INC., a Canada Business Corporation; and Does 1-10, inclusive, | **DEMAND FOR JURY TRIAL** [FED. R. CIV. P. 38] |
| Defendant. | |

26681-00003/5254242.2

ANSWER TO COMPLAINT

Defendant Evry Jewels, Inc. ("Evry Jewels"), for itself and no other defendant, by and through its attorneys of record, answers the Complaint of plaintiff Chrome Hearts, LLC ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1.  Evry Jewels admits that Plaintiff's Complaint alleges trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act") and claims of trademark infringement and unfair competition under the statutory and common law of the State of California. Evry Jewels denies the remaining allegations in Paragraph 1 of the Complaint.

2.  Evry Jewels admits the allegations in Paragraph 2 of the Complaint.

3.  Evry Jewels denies the allegations in Paragraph 3 of the Complaint.

4.  Evry Jewels denies the allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5.  Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 5 of the Complaint and denies them on that basis.

6.  Evry Jewels admits that it is a Canada Business Corporation, with a principal place of business located at 6801 Trans-Canada Highway, Door 5, Pointe-Claire, Quebec H9R 5J2, Canada. Evry Jewels denies the remaining allegations in Paragraph 6 of the Complaint.

7.  Evry Jewels denies the allegations in Paragraph 7 of the Complaint to the extent they pertain to Evry Jewels. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 7 of the Complaint as to the DOE defendants and denies them on that basis.

8.  Evry Jewels denies the allegations in Paragraph 8 of the Complaint to the extent they pertain to Evry Jewels. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 8 of the Complaint as to the DOE defendants and denies them on that basis.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

26681-00003/5254242.2

DEMAND FOR JURY TRIAL

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and denies them on that basis.

10. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 10 of the Complaint and denies them on that basis.

11. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and denies them on that basis.

12. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 12 of the Complaint and denies them on that basis.

13. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of the Complaint and denies them on that basis.

14. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 14 of the Complaint and denies them on that basis.

15. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 15 of the Complaint and denies them on that basis.

16. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 16 of the Complaint and denies them on that basis.

17. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 17 of the Complaint and denies them on that basis.

18. Evry Jewels lacks sufficient information or knowledge to admit or

deny the allegations in Paragraph 18 of the Complaint and denies them on that basis.

19. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 19 of the Complaint and denies them on that basis.

20. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 20 of the Complaint and denies them on that basis.

21. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 21 of the Complaint and denies them on that basis.

22. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 22 of the Complaint and denies them on that basis.

23. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and denies them on that basis.

24. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24 of the Complaint and denies them on that basis.

25. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 25 of the Complaint and denies them on that basis.

26. Evry Jewels denies that it copied Chrome Hearts. Evry Jewels lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 26 of the Complaint and denies them on that basis.

27. Evry Jewels admits that Chrome Hearts' lawsuit arises out of Evry Jewels' design, manufacture, distribution, advertisement, marketing, offering for

sale, and sale of jewelry, including the products depicted in the Complaint ("Challenged Products"). Evry Jewels denies the remaining allegations in Paragraph 27 of the Complaint.

28. Evry Jewels admits that it engaged in the promotion, marketing, offer for sale, and/or sale of products, including the Challenged Products, through its own website (www.evryjewels.com) and retail stores in the United States and Canada, as well as Defendants' social media account on Instagram (@evryjewels). Evry Jewels lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 28 of the Complaint and denies them on that basis.

29. Evry Jewels admits that, through the aforementioned website and related advertising, Evry Jewels sells its products, including the Challenged Products, to consumers. Evry Jewels denies the remaining allegations in Paragraph 29 of the Complaint.

30. Evry Jewels admits that it distributed, offered for sale, sold, and shipped the Challenged Products to consumers in the United States and/or this judicial district. Evry Jewels denies the remaining allegations in Paragraph 30 of the Complaint.

31. Evry Jewels denies the allegations in Paragraph 31 of the Complaint.

32. Evry Jewels admits that Chrome Hearts has not granted a license or given Evry Jewels permission to use intellectual property belonging to Chrome Hearts. Evry Jewels denies the remaining allegations in Paragraph 32 of the Complaint.

33. Evry Jewels denies the allegations in Paragraph 33 of the Complaint.

34. Evry Jewels denies the allegations in Paragraph 34 of the Complaint.

## FIRST CAUSE OF ACTION

**(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)**

35. With respect to the allegations of paragraph 35 of the Complaint, Evry

Jewels incorporates by reference its above answers to paragraphs 1 through 34 of the Complaint as if fully pleaded herein.

36. Evry Jewels admits that Plaintiff's action is for trademark infringement against Defendants under 15 U.S.C. § 1114 in connection with Evry Jewels' promotion, distribution, manufacturing, offer for sale, sale, marketing, and/or advertising of the Challenged Products. Evry Jewels denies the remaining allegations in Paragraph 36 of the Complaint.

37. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 37 of the Complaint and denies them on that basis.

38. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 38 of the Complaint and denies them on that basis.

39. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations that Chrome Hearts has purchased and examined the marks. Evry Jewels denies the remaining allegations in Paragraph 39 of the Complaint.

40. Evry Jewels denies the allegations in Paragraph 40 of the Complaint.

41. Evry Jewels denies the allegations in Paragraph 41 of the Complaint.

42. Evry Jewels admits that its promotion, marketing, advertising, offering for sale, selling, manufacturing, and/or distribution of the Challenged Products is without Chrome Hearts' permission or authority. Evry Jewels denies the remaining allegations in Paragraph 42 of the Complaint.

43. Evry Jewels denies the allegations in Paragraph 43 of the Complaint.

44. Evry Jewels denies the allegations in Paragraph 44 of the Complaint.

45. Evry Jewels denies the allegations in Paragraph 45 of the Complaint.

46. Evry Jewels denies the allegations in Paragraph 46 of the Complaint.

//

//

## SECOND CAUSE OF ACTION

**(False Designation of Origin and False Descriptions –**

**15 U.S.C. § 1125(a))**

47. With respect to the allegations of paragraph 47 of the Complaint, Evry Jewels incorporates by reference its above answers to paragraphs 1 through 46 of the Complaint as if fully pleaded herein.

48. Evry Jewels denies the allegations in Paragraph 48 of the Complaint.

49. Evry Jewels denies the allegations in Paragraph 49 of the Complaint.

50. Evry Jewels denies the allegations in Paragraph 50 of the Complaint.

51. Evry Jewels denies the allegations in Paragraph 51 of the Complaint.

52. Evry Jewels denies the allegations in Paragraph 52 of the Complaint.

## THIRD CAUSE OF ACTION

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code**

**§ 17200 et seq.)**

53. With respect to the allegations of paragraph 53 of the Complaint, Evry Jewels incorporates by reference its above answers to paragraphs 1 through 52 of the Complaint as if fully pleaded herein.

54. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 54 of the Complaint and denies them on that basis.

55. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 55 of the Complaint and denies them on that basis.

56. Evry Jewels denies the allegations in Paragraph 56 of the Complaint.

57. Evry Jewels denies the allegations in Paragraph 57 of the Complaint.

58. Evry Jewels denies the allegations in Paragraph 58 of the Complaint.

59. Evry Jewels denies the allegations in Paragraph 59 of the Complaint.

60. Evry Jewels denies the allegations in Paragraph 60 of the Complaint.

61. Evry Jewels denies the allegations in Paragraph 61 of the Complaint.

62. Evry Jewels denies the allegations in Paragraph 62 of the Complaint.

63. Evry Jewels denies the allegations in Paragraph 63 of the Complaint.

## FOURTH CAUSE OF ACTION

**(Common Law Trademark Infringement and Unfair Competition)**

64. With respect to the allegations of paragraph 64 of the Complaint, Evry Jewels incorporates by reference its above answers to paragraphs 1 through 63 of the Complaint as if fully pleaded herein.

65. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 65 of the Complaint and denies them on that basis.

66. Evry Jewels lacks sufficient information or knowledge to admit or deny the allegations that Plaintiff has expended substantial time, resources, and effort to obtain an excellent reputation for itself and its family of Marks and denies these allegations on that basis. Evry Jewels denies the remaining allegations in Paragraph 66 of the Complaint.

67. Evry Jewels denies the allegations in Paragraph 67 of the Complaint.

68. Evry Jewels denies the allegations in Paragraph 68 of the Complaint.

69. Evry Jewels denies the allegations in Paragraph 69 of the Complaint.

70. Evry Jewels denies the allegations in Paragraph 70 of the Complaint.

71. Evry Jewels denies the allegations in Paragraph 71 of the Complaint.

72. Evry Jewels denies the allegations in Paragraph 72 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Personal Jurisdiction)**

73. Evry Jewels is a Canada-based company, and a California court does not have personal jurisdiction over Evry Jewels.

## SECOND AFFIRMATIVE DEFENSE

### (Genericness)

74. Plaintiff is not entitled to any relief because its alleged marks are generic and not protectable as trademarks.

## THIRD AFFIRMATIVE DEFENSE

### (Functionality)

75. Plaintiff is not entitled to any relief because its alleged marks are functional and not protectable as trademarks.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Distinctiveness)

76. Plaintiff is not entitled to any relief because its alleged marks are not inherently distinctive.

## FIFTH AFFIRMATIVE DEFENSE

### (Ornamental Use)

77. Plaintiff is not entitled to any relief because Evry Jewels' use of the designs at issue is purely for aesthetic purposes and consumers merely recognize the designs for their attractiveness and not as an identification of source of origin.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

78. Plaintiff has waived any right to obtain the relief sought on its claims or is otherwise estopped from obtaining the relief sought on its claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

79. Plaintiff's claims are barred by the doctrine of unclean hands because of Plaintiff's inequitable conduct in obtaining the alleged marks and other inequitable conduct in relation to the subject matter of Plaintiff's claims.

//

//

## EIGHTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

80. To the extent Evry Jewels infringed any of Plaintiff's trademarks—which Evry Jewels denies—such infringement was innocent and not willful.

## NINTH AFFIRMATIVE DEFENSE

### (1st Amendment/Fair Use – *Rogers* Test)

81. Plaintiff is not entitled to any relief because Evry Jewels' use of the designs at issue is artistically relevant to Evry Jewels' products, and its artistic use does not mislead as to the source of origin of the products.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

82. Plaintiff's claims are barred by the doctrine of acquiescence in that Plaintiff acquiesced to the alleged infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

83. Plaintiff's claims are barred because Plaintiff has not suffered any damages from the alleged infringement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

84. To the extent that Plaintiff has suffered any damages—which Evry Jewels denies—Plaintiff has failed to take any steps to mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

85. Plaintiff is barred from any relief under the doctrine of laches because Plaintiff unreasonably delayed in asserting its claims.

## RESERVATION OF AFFIRMATIVE DEFENSES

86. Evry Jewels reserves the right to assert additional defenses in the event that further factual development indicates that they are proper.

WHEREFORE, defendant Evry Jewels, Inc. prays for entry of judgment in its favor and against Plaintiff as follows:

1.    That Plaintiff take nothing by way of its Complaint;

2.    That judgment be entered in favor of Evry Jewels and against Plaintiff;

3.    For an award in favor of Evry Jewels of its costs incurred in this action, including, where appropriate, attorney's fees under 15 U.S. Code § 1117; and

4.    For such other and further relief in Evry Jewels' favor as the Court may deem just and proper.

DATED: September 13, 2024    GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Vera Serova
CHARLES N. SHEPHARD (SBN 78129)
VERA SEROVA (SBN 329829)
Attorneys for Defendant Evry Jewels, Inc., a Canada Business Corporation

## **DEMAND FOR JURY TRIAL**

Evry Jewels demands a trial by jury on all issues that may be appropriately heard by a jury.

DATED:  September 13, 2024        GREENBERG GLUSKER FIELDS
                                                            CLAMAN & MACHTINGER LLP

By: /s/ Vera Serova
    CHARLES N. SHEPHARD (SBN 78129)
    VERA SEROVA (SBN 329829)
    Attorneys for Defendant Evry Jewels, Inc., a Canada Business Corporation